**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTT WALKER, Individually and/or d/b/a
Maxwell & Walker Consulting Group, LLC
 and/or d/b/a  Precision Marketing Group, LLC;
STEVE SEYMOUR, a/k/a Stephen Seymour,
Individually and/or d/b/a Diamond Consulting
and/or d/b/a Precision Marketing Group, LLC;
KIRK D. LADNER, Individually and d/b/a The Ladner Group
and/or d/b/a Precision Marketing Group, LLC;
and Precision Marketing Group, LLC                                          PLAINTIFFS**

**VERSUS                                                                CAUSE NO: 1:14-cv-381-KS-JCG**

**JIMMY WILLIAMSON, Individually and/or
as the owner/member/officer of Jimmy Williamson, P.C.,
and/or as a partner/member of the law firm Williamson & Rusnak;
JIMMY WILLIAMSON, P.C., Individually and/or
as a partner/member of the law firm Williamson & Rusnak;
 MICHAEL A. POHL, Individually and/or
d/b/a The Law Office of Michael A. Pohl;
CYNDI RUSNAK, Individually and/or
as the  owner/member/officer of  Cyndi Rusnak, PLLC,
and/or as a partner/member of the law firm Williamson & Rusnak;
CYNDI RUSNAK, PLLC, Individually and/or
and/or as a partner/member of the law firm Williamson & Rusnak;
ROBERT E. AMMONS, Individually and/or
as the owner/member/officer of The Ammons Law Firm, LLP; and
THE AMMONS LAW FIRM, LLP                                                DEFENDANTS**

**PLAINTIFF PRECISION MARKETING GROUP, LLC'S  RESPONSE TO
DEFENDANT POHL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS and
DEFENDANT JIMMY WILLIAMSON'S and JIMMY WILLIAMSON, P.C.'S JOINDER
IN MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

　　　　　COMES NOW, PLAINTIFF Precision Marketing Group and submits this Memorandum

in Support of Response to Defendant Pohl's Motion to Compel Production of Documents and

Defendant Jimmy Williamson's and Jimmy Williamson, P.C.'s Joinder in Motion to Compel

Production of Documents.

# INTRODUCTION

On January 7, 2016, Defendant Pohl propounded separate requests for discovery on Plaintiffs Walker and Ladner. *See* Exhibit A. After an extension of time to respond was granted, the Plaintiffs served their responses to Defendants' First Set of Requests for Production of Documents on February 24, 2016. *See* Exhibit B. Plaintiffs Walker and Ladner timely served their Privilege Log on March 9, 2016. *See* Exhibit C.

The Plaintiffs properly withheld sensitive, confidential, and privileged documents which related to the purchase agreement of Precision Marketing Group, LLC ("PMG"), a Plaintiff in this action, and the transfer of its claims and interests in this action. On March 23, 2016, Defendant Pohl served a subpoena on Scott M. Favre, the owner of PMG. *See* Exhibit D. Defendant Pohl served this subpoena on Favre in an improper back-door attempt to obtain the withheld purchase documents. On April 7, 2016, Favre served his written notice of objections and Privilege Log to Pohl's subpoena.  *See* Exhibits E; F.

On April 14, 2016, Pohl filed its Motion to Compel, seeking the production of these purchase documents. Pohl seeks the production of these purchase documents in response to the subject Request for Production:

**REQUEST NO. 2:**

All communications, contracts, agreements, and/or assignments (and all documents concerning the same) between and/or among any and/or all of the following concerning any of the Defendants; BP Deepwater Horizon claims; GM claims; **any and all other claims that Plaintiffs contend that they worked on with any of the Defendants; and/or any assignment, sale, transfer, or encumbrance by the Plaintiffs of any and/or all of their claims, causes of action, and/or choses of action against the Defendants:**

(a) any of the Plaintiffs;
(b) MW;
(c)  Diamond;
(d) LG;
(e) PMG;

    (f)       Favre;
    (g)      Maxwell;
    (h)      Robinson;
    (i)       Trinity Walker;
    (j)      Michael Janus;
    (k)     Jay Santana and/or Maggie Santana;
    (l)       any lawyer, law firm, other person, and/or other entity with whom any of the Defendants allegedly entered into a joint venture agreement relating to BP Deepwater Horizon claims, including without limitation Stone;
    (m)    GMSVT;
    (n)     CVT; and/or
    (o)     HHG.

*See* Exhibit A (emphasis added). Defendant Pohl's subpoena to Scott Favre also contained the exact same request. *See* Exhibit D. Plaintiffs Walker and Ladner responded as follows:

> **RESPONSE:**
>
> Objection. This request is vague, ambiguous, and overbroad. This request seeks information that is **not relevant or reasonably calculated to lead to the discovery of admissible evidence.** This request seeks information that is protected by the **work-product doctrine.** This request seeks the production of **confidential information.** This request seeks information that is not within the custody, control, and/or possession of the Plaintiffs. Subject to and without waving the foregoing, non-privileged responsive documents have been or will be produced.

*See* Exhibit B (emphasis added). Scott Favre, the owner of PMG, a Plaintiff in this action served this response:

> **RESPONSE**: Objection. This request is vague, ambiguous, and overbroad. This request is unduly burdensome because the Defendant has had ample opportunity to obtain the information in discovery. This request seeks information that is **not relevant to the claims or defenses** and proportional to the needs of this case. This request seeks information that is protected by the **work-product doctrine**, attorney-client privilege, and common interest privilege. This request seeks the production of **confidential and proprietary information**. This request seeks information that is not within the custody, control, and/or possession of Favre. Favre is the sole owner and president of Precision Marketing Group, LLC, a party to this lawsuit. Accordingly, this request is an improper attempt to subpoena documents from a party to this lawsuit and is outside the scope of

>Rule 45 of the Federal Rules of Civil Procedure. This request is an improper attempt to serve third-party discovery on the officer of a party to this lawsuit.

*See* Exhibit E (emphasis added). Plaintiffs Walker, Ladner, and PMG, through Favre, also served Privilege Logs, listing the purchase documents Defendant Pohl now seeks as withheld on the basis that the information constitutes "trial preparation materials" and is "confidential and proprietary." *See* Exhibits C; F.

Plaintiffs Walker and Ladner properly served their Privilege Log. Contrary to Defendant Pohl's assertion, Plaintiffs Walker and Ladner served their Privilege Log in accordance with L. U. Civ. R. 26(a)(1), which does not require that a privilege log be served concurrently with a party's discovery responses. Walker's and Ladner's Privilege Log was served timely and in accordance with local rules. No privilege has been waived.

Pohl's motion mainly focuses its attention on Walker's and Ladner's objection to the production of the purchase documents on the basis of the work-product doctrine. However, Plaintiffs Walker, Ladner, and PMG also properly asserted objections to the production of these materials on the basis of relevancy and their confidential and proprietary nature. The requested documents were properly withheld for several reasons. First, the purchase documents are not relevant to any claims or defenses asserted in this action. Defendant Pohl has not met his burden in proving that the documents are relevant. Pohl's motion should be denied on that basis alone. Second, the requested documents are confidential, and are therefore, not discoverable. Further, these documents are protected from disclosure because they were prepared in anticipation of litigation. The purchase documents are not discoverable and Pohl has not shown a substantial need for the materials.

For the foregoing reasons, Pohl's motion to compel and Williamson's joinder should be denied.

**ARGUMENT AND AUTHORITIES**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any **non-privileged** matter that is **relevant to any party's claim or defense** and proportional to the needs of the case…." Fed. R. Civ. Pro. 26(b)(1) (emphasis added). Plaintiffs Walker and Ladner properly withheld the requested purchase documents because they are not relevant and because they are privileged. Scott Favre also properly withheld the subject documents on these bases.

**A.      The requested documents are not relevant to any party's claims or defenses**

Plaintiffs objected to the production of these documents on the basis that they were not relevant. Pohl has not met his burden of showing that the requested documents are relevant. "The party seeking to compel discovery has the burden of demonstrating clearly that information sought is relevant to the case and would lead to admissible evidence." *Does v. Rust College*, Civil Action 3:13-cv-220-NBB-SAA (N.D. Miss., June 4, 2015). Pohl has not even attempted to show that these documents are relevant to any party's claims or defenses in this action. Because Pohl has failed to meet his burden of showing relevancy, his motion should be denied on that basis alone.  Since the burden is on the moving party to demonstrate relevancy, and Pohl failed to meet this burden, Walker and Ladner do not have a burden to show that these documents are *not* relevant.

Pohl argues that the Plaintiffs have made the requested documents an issue because "this issue was interjected into these proceedings by virtue of the assignment of the Plaintiffs' cause of action as against the Defendants as reflected in the Notice of Assignment filed with the Court

[Doc. 75]." The mere fact that the Plaintiffs filed a Notice of Assignment does not mean that the Plaintiffs have thus made the purchase and transfer of interest documents a relevant issue in this case. Rather, the Plaintiffs filed such Notice of Assignment because they were obligated to by law:

> Any chose in action or any interest therein, after suit has been filed thereon, may be sold or assigned the same as other property, whether such claim or any interest therein was heretofore assignable under the laws of this state or not. **Such sale shall be evidenced by writing signed and acknowledged by the party making the same, which shall be filed with the papers of such suit.**

Miss. Code Ann. § 11-7-7.

The requested documents which relate to the sale and purchase of PMG and the transfer of the Plaintiffs' interests in this action are not relevant to any party's claims or defenses. The Plaintiffs have asserted against the Defendants claims for breach of contract; bad faith; and breach of the duty of good faith and fair dealing. *See* [Doc. 166], Second Amended Complaint. The Plaintiffs have alleged that they contracted with the Defendants to provide marketing services in exchange for a portion of the Defendants' attorney's fees. The Defendants have denied such allegations and Pohl has asserted a counter-claim against Walker for conversion of funds.

The documents related to the purchase of PMG and the transfer of Plaintiffs Walker and Ladner interests in this action have absolute no bearing on the Plaintiffs' claims for breach of contract. Nor do these documents relate in any way to Pohl's counter-claim against Walker for conversion of funds. The purchase of PMG and the transfer of Walker's and Ladner's interest were transacted well after the events giving rise to the Plaintiff's claims occurred and after this lawsuit was filed. The fact that Plaintiff Walker's and Ladner's claims against the Defendants were transferred to another Plaintiff in this action, PMG, has absolutely no bearing on any

factual or legal issues relevant to any party's claims or defenses. The parties and the claims asserted in this action remain exactly the same regardless of who the owner of the claims is.

Accordingly, the requested purchase documents are not relevant to any claims or defenses in this action. Because Pohl has failed to meet his burden of demonstrating the relevancy of these documents, Walker and Ladner respectfully request that this Court deny Pohl's motion to compel and Williamson's joinder.

**B.     The requested documents are confidential and proprietary**

Plaintiffs Ladner and Walker properly objected to the request for the production of the purchase documents on the basis of their confidential and proprietary nature. Defendant Pohl has improperly attempted to obtain these sensitive business and financial records through serving a back-door subpoena on Scott Favre, the owner of PMG. Favre/PMG similarly objected to the production of the documents on that same basis. The Plaintiffs' and Favre's objections to the production of these documents have been properly preserved.

As a starting point, and without waiving any objections or privileges, Plaintiffs Walker and Ladner would be liable for breach of contract if they disclose the purchase documents, pursuant to the terms of those agreements. The Plaintiffs and Scott Favre correctly withheld the requested agreements on the basis of confidentiality. If either party had disclosed the requested purchase documents, they would do so in breach of contract. The terms of the agreement, by their very nature, prohibit disclosure.

The requested purchase and transfer documents contain highly sensitive and confidential business and financial information. Defendant Pohl has not shown a compelling need for the information that outweighs the Plaintiffs' interest in keeping their business and financial information private. The law favors protecting an individual's privacy interests, especially where

a moving party has not demonstrated an articulable and substantial need.  Pohl has not even attempted to articulate why he might need the requested documents.

The requested purchase and transfer documents are irrelevant and confidential and proprietary. Plaintiff respectfully request that this Court deny Pohl's motion to compel and Williamson's joinder.

C.   **The requested documents are protected from disclosure by the work-product doctrine**

Defendant Pohl asserts that the purchase documents are not protected by the work-product doctrine because they were not prepared for the purpose of aiding in litigation. Plaintiffs Walker and Ladner and Scott Favre properly preserved their objection on this basis.

"In order for a document to be protected by the work-product doctrine, "litigation need not necessarily be imminent... as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."*Gavlan v. Mississippi Power Co.*, Civ. Action No 1:110-CV-159-KS-MTP (S.D. Miss. Nov. 20, 2012)(citing *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981)). Pohl argues that the documents are not work-product because they were created for the primary purpose of *memorializing* the sale of PMG. Pohl slyly attempts to obfuscate the Court's analysis with this argument.

The proper analysis in determining whether these documents are protected work-product is why these agreements were *entered into*, not why they were *transcribed,* as Pohl suggests. If this Court accepts Pohl's logic, then virtually no documents would be protected because documents are generally created to memorialize something. For example, the purpose of drafting an expert report is not to simply *memorialize* an expert's opinions; rather it is to *give opinions that will aid in litigation*. If the agreements were entered into for the purpose of facilitating litigation, then they are protected.

The requested purchase agreements were entered into after the commencement of this action and for the purpose of assisting Plaintiffs Ladner and Walker in recovering on their claims against the Defendants. The Plaintiffs wished to sell their interests in the litigation and desired that PMG, now a plaintiff in this action, assist in the prosecution of their claims. The documents were entered into for the primary purpose of facilitating litigation. Accordingly, they protected work-product.

Rule 26 prohibits the disclosure of the requested documents:

(3) Trial Preparation: Materials.

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are **prepared in anticipation of litigation** or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

> **(i) they are otherwise discoverable under Rule 26(b)(1); and**
> **(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.**

Fed. R. Civ. Pro. 26(b)(3). Rule 26 only allows the discovery of documents created in anticipation of ligation if they are *otherwise discoverable* and the moving party has shown a *substantial need* for the materials.  Plaintiffs have demonstrated that the documents were created in anticipation of litigation. As discussed above, the requested documents are not otherwise discoverable because they are not relevant and are confidential and proprietary. Further, Pohl has not demonstrated any substantial need for obtaining the requested documents.

Accordingly, Plaintiff respectfully request that this Court deny Pohl's motion to compel and Williamson's joinder.

## CONCLUSION

Plaintiff PMG respectfully requests that this Court deny Pohl's motion to compel and Williamson's joinder for several reasons. First, Pohl has not met his burden in proving that the requested documents are relevant. Second, the documents are highly confidential and proprietary. Third, these documents were created in anticipation of litigation and Pohl has not demonstrated a substantial need to obtain them to prepare his case.

Respectfully submitted, this the 28th day of April, 2016.

By: */s/ Tina L. Nicholson*
TINA L. NICHOLSON

**BAKER NICHOLSON, LLP**
2402 Dunlavy Street
Houston, Texas 77006
Telephone: (713) 341-0030
Facsimile: (888) 244-2618
nicholson@bakernicholson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Tina L. Nicholson*
TINA L. NICHOLSON