# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SCOTT WALKER, Individually and d/b/a**
**Maxwell & Walker Consulting Group, LLC and/or**
**d/b/a Precision Marketing Group, LLC;**
**STEVE SEYMOUR, a/k/a Stephen Seymour,**
**Individually and d/b/a Diamond Consulting**
**and/or d/b/a Precision Marketing Group, LLC;**
**KIRK D. LADNER, Individually and d/b/a**
**The Ladner Group and/or d/b/a Precision Marketing**
**Group, LLC; and PRECISION MARKETING**
**GROUP, LLC**                                                          **PLAINTIFFS**

**VERSUS**                            **CIVIL ACTION NO. 1:14–cv–381–KS–JCG**

**JIMMY WILLIAMSON, Individually and/or**
**as the owner/member/officer of Jimmy Williamson,**
**P.C., and/or as a partner/member of the law firm**
**Williamson & Rusnak; JIMMY WILLIAMSON, P.C.,**
**Individually and/or as a partner/member of the law**
**firm Williamson & Rusnak; MICHAEL A. POHL,**
**Individually and/or d/b/a The Law Office of Michael A.**
**Pohl; CYNDI RUSNAK, Individually and/or**
**as the owner/member/officer of Cyndi Rusnak, PLLC,**
**and/or as a partner/member of the law firm Williamson**
**& Rusnak; CYNDI RUSNAK, PLLC, Individually and/or**
**and/or as a partner/member of the law firm Williamson**
**& Rusnak; ROBERT E. AMMONS, Individually and/or**
**as the owner/member/officer of The Ammons Law Firm,**
**LLP; and THE AMMONS LAW FIRM, LLP**                                    **DEFENDANTS**

## DEFENDANT MICHAEL A. POHL'S,
## INDIVIDUALLY AND D/B/A THE LAW OFFICE OF MICHAEL A. POHL,
## <u>FIRST AMENDED COUNTERCLAIM</u>

**[JURY TRIAL REQUESTED]**

**Introduction**

1.    Defendant Michael A. Pohl, Individually and d/b/a The Law Office of Michael A. Pohl ("Pohl"), submits this First Amended Counterclaim, and asserts the following claims and causes of action against, Plaintiff/Counter-Defendant Scott Walker, Individually and d/b/a Maxwell & Walker Consulting Group, LLC and/or d/b/a Precision Marketing Group, LLC ("Walker") and against Plaintiff/Counter-Defendant Precision Marketing Group, LLC ("Precision"). Discovery has only recently commenced and is far from complete and, as a result, Pohl does not yet know whether, or to what extent, the other Plaintiffs may have participated in the actionable conduct described below and/or shared in the ill-gotten gains resulting from that conduct.  To the extent that evidence of the same is developed in discovery, Pohl reserves all rights to seek leave to amend this counterclaim to join those other Plaintiffs as additional counter-defendants.  As to this counterclaim against Walker and Precision, all conditions precedent to Pohl asserting the counterclaim and recovering from Walker and Precision have been performed or have occurred.

**Jurisdiction/Venue**

2.    Walker and Precision have appeared in this case and may be served through their respective counsel of record.

3.    The Court has subject matter jurisdiction of this counterclaim under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.    Venue of this counterclaim in the Southern District of Mississippi is proper under 28 U.S.C. § 1391 because a substantial part of Walker's and Precision's conduct giving rise to the counterclaim occurred in the Southern District of Mississippi.

**Factual Bases For Counterclaim**

5.  At all times material to the allegations set forth in this counterclaim, Walker, as an agent or ostensible agent of, or co-conspirator with, Precision, committed the following actionable conduct for which Precision, as Walker's principal or co-conspirator, is jointly liable. In addition, or in the alternative, Precision, at all times material hereto, acted in concert with, and/or gave substantial assistance and support to, Walker and otherwise aided and abetted Walker's actionable conduct against Pohl, thereby rendering Precision liable for such conduct.

6.  Walker and/or Precision misappropriated, converted, and/or stole money from Pohl by means of misrepresentation, deception, or failure to disclose that he was overcharging, or "skimming," at least 3% of the amounts that Pohl paid for purportedly legitimate public relations expenses. Specifically, Walker has alleged: (a) that, in working with Pohl, he undertook to collect receipts and compensation information from public relations contractors, investigator contractors, and related support staff, and then "advance[d]" payments to them for their alleged services; and (b) that he provided this information to Pohl, who had agreed to make periodic transfers of funds into accounts owned or controlled by Walker to cover these costs. *See First Amended Complaint, ¶ 89*. In reliance on Walker's and/or Precision's representations that the costs were real and legitimate, Pohl transferred funds into accounts owned or controlled by Walker and/or Precision to cover them. Without notice to or consent from Pohl, however, Walker and/or Precision systematically overstated to Pohl the amount of "all" (as alleged by Walker in paragraph 89 of the First Amended Complaint) of these actual costs by at least 3%, and then misappropriated, converted, and/or stole that amount for his/its own use in a manner that Pohl did not authorize or agree to. Pohl had no knowledge of this misappropriation, conversion, or theft until it was disclosed by Walker in this litigation.

7.      Additionally, without notice to or consent from Pohl, Walker and/or Precision misappropriated, converted, and/or stole money from Pohl by misrepresentation, deception, and failure to disclose that he/it was charging Pohl as much as $1,000.00 per week for what Walker described in written expense itemizations that he provided to Pohl as miscellaneous marketing expenses supposedly incurred under the terms of the parties' contracts. In fact, the miscellaneous marketing expenses were not real expenses at all; Walker and/or Precision was simply keeping the "miscellaneous marketing" money for himself/itself or otherwise using it for purposes that Pohl did not authorize or agree to. Walker made multiple affirmative misrepresentations in communications to Pohl regarding these fictitious expense charges from approximately March 2013 through September 2013, until he was confronted by Pohl and admitted that his communications describing the $1,000.00 charges as "miscellaneous marketing" expenses were bogus and that he had simply been keeping the money. When Pohl demanded that Walker return the fraudulently induced portions of the money that Pohl had paid, Walker told Pohl that he (Walker) no longer had the funds. Walker said that he had used the funds for unapproved personal expenses, but that Pohl would be entitled to deduct those sums from any future contractual obligations to Walker as amounts "heretofore paid" under the terms of the parties' agreements. After being confronted by Pohl, Walker purported to restrict subsequent expense charges to legitimate approved expenses. However, based on information and belief, Walker and/or Precision continued to inflate the expense charges on invoices, other documentation, and/or communications presented to Pohl for the purpose of inducing Pohl to make payments to Walker and/or Precision above and beyond any amount that Pohl agreed to pay. Neither Walker nor Precision has returned to Pohl any of the money that he/it wrongfully took from him. Upon information and belief, the aforesaid conduct of Walker was undertaken with the knowledge and approval of Precision.

### Count I:  Conversion

8.  Pohl incorporates by reference paragraphs 4 and 5 of this counterclaim.  Pohl is entitled to recover money damages from Walker and/or Precision for the sums that Walker and/or Precision wrongfully misappropriated, converted, and/or stole from Pohl by means of the misrepresentations, deception, and failures to disclose described in paragraphs 4 and 5 above. Walker and/or Precision wrongfully converted such funds by exercising possession or dominion over the funds to the exclusion of Pohl's legal rights or, alternatively, putting the funds to uses that were unauthorized, unlawful, and injurious to Pohl. Walker and/or Precision have continued to wrongfully detain the funds in a manner inconsistent with the lawful rights of Pohl, and has caused damages to Pohl for which Pohl seeks recovery.  Pohl further alleges that Walker's and/or Precision's conversion was intentional and malicious.

### Count II:  Unjust Enrichment/Constructive Trust

9.  Pohl incorporates by reference paragraphs 4 and 5 of this counterclaim.  Walker and/or Precision have been unjustly enriched by the wrongful conduct described in paragraphs 4 and 5 above, and has caused damages to Pohl.  Pohl is entitled to money damages and/or a constructive trust for and over the funds acquired by Walker and/or Precision through artifice, concealment, actual or constructive fraud, abuse of confidence, and/or unconscionable conduct towards Pohl, and which in equity and good conscience rightfully belong to Pohl and should be returned to him.

### Count III:  Fraudulent Misrepresentation/Non-Disclosure

10.  Pohl incorporates by reference paragraphs 4 and 5 of this counterclaim. Pohl is entitled to recover the sums that were misappropriated, converted, and/or stolen from him by Walker's and/or Precision's fraud.  As described in paragraphs 4 and 5 above, Walker and/or Precision made affirmative misrepresentations to Pohl that monies for which he sought payment from Pohl were to

cover the costs of legitimate expenses that had been incurred. As further described in paragraphs 4 and 5 above, Walker's and/or Precision's representations were intentionally, knowingly, and/or recklessly false; Walker and/or Precision surreptitiously added at least 3% to the amount of purportedly legitimate expenses and kept the 3% for himself/itself, and Walker and/or Precision fabricated the "miscellaneous marketing" expenses and kept that money for himself/itself. In addition or in the alternative to the foregoing, Walker and Precision represented to Pohl that Walker was "doing business as" Precision when, in actuality, Precision was a separate entity and Walker was acting on its behalf in the capacity of Precision's authorized or ostensible agent. Walker and/or Precision intended for Pohl to materially rely on those false representations, and Pohl justifiably, reasonably, and materially relied on them to his detriment and injury by making payments to Walker for what Pohl believed to be legitimate expenses. Walker and/or Precision were aware of the true facts regarding the bogus expenses that they induced Pohl to pay, and those facts were not known to or reasonably discoverable by Pohl at the time. Further, Walker and/or Precision knew that Pohl had no means or no reasonably practicable means of discovering the true facts without Walker and/or Precision disclosing them, which neither Walker nor Precision did at the time. Under the circumstances, and in light of Walker's prior representations that Pohl would only be billed for legitimate expenses that had actually been incurred, Walker's and/or Precision's failures to disclose his/its wrongful charges constituted an affirmative act of concealment. Walker and/or Precision intended for Pohl to materially rely on his/its non-disclosures, and Pohl justifiably, reasonably, and materially relied on them to his detriment and injury by making payments to Walker and/or Precision for what Pohl believed to be legitimate expenses. Walker's and/or Precision's fraudulent misrepresentations and non-disclosures have caused damages to Pohl. Pohl further alleges that Walker's fraud was intentional and malicious.

### Count IV:  Breach of Contract/Duty Of Good Faith And Fair Dealing

11. Pohl incorporates by reference paragraphs 4 and 5 of this counterclaim. Pohl is entitled to recover the sums that were misappropriated, converted, and/or stolen by Walker and/or Precision through misrepresentation, deception, and failure to disclose based on the Walker's and/or Precision's breaches of agreements with Pohl, including without limitation breaches of the accompanying implied covenants of good faith and fair dealing. In particular, Walker and/or Precision agreed to bill Pohl for only legitimate "approved expenses" and, in contravention of the parties' agreements, billed Pohl for bogus expenses that were neither approved nor legitimate. As a direct result of Walker's and/or Precision's breaches, Pohl has suffered damages. Pohl further alleges that Walker's and/or Precision's breaches of the parties' agreements, including without limitation the accompanying implied covenants of good faith and fair dealing, were intentional and malicious, reflected moral obliquity, and violated acceptable standards of decency.

### Count V:  Punitive/Exemplary Damages

12. Pohl incorporates by reference paragraphs 4 through 11 of this counterclaim. Walker's and/or Precision's wrongful conduct as described in paragraphs 4 through 11 above was undertaken consciously, knowingly, maliciously, and with the intent to cause financial harm to Pohl or, alternatively, with conscious disregard for the legal rights of Pohl under the terms of the parties' agreements and the laws of the State of Mississippi. As such, Pohl is entitled to recover punitive/exemplary damages from Walker and Precision in an amount sufficient to punish them and to discourage them and others similarly situated from such conduct in the future.

### Count VI:  Attorneys' Fees

13.   Pohl incorporates by reference paragraphs 4 through 11 of this counterclaim.  Pohl is entitled to recover his reasonable attorneys' fees, including without limitation for appeals, as allowed by law.

### Discovery Rule/Fraudulent Concealment

14.   Pohl incorporates by reference paragraphs 4 through 11 of this counterclaim.  To the extent that Walker and/or Precision allege that any of Pohl's claims against them are barred by any statute of limitations, Pohl pleads the discovery rule and fraudulent concealment.  For the reasons described in paragraphs 4 through 11 above, Pohl neither knew nor should have known that he had been harmed, much less that his harm was caused by the wrongful conduct of Walker and/or Precision specifically or anyone generally, until a time that was within the limitations periods applicable to the claims that Pohl has asserted.

### Conclusion

Pohl prays that, upon trial of this counterclaim, he be awarded judgment in his favor and against Walker and Precision, jointly and severally, including:

(1)   reasonable attorneys' fees and expenses as allowed by law;

(2)   costs of court;

(3)   pre-judgment interest as allowed by law;

(4)   post-judgment interest as allowed by law; and

(5)   any other, further, or alternative relief to which he may show himself legally or equitably entitled.

Respectfully submitted, this the 6th day of May, 2016.

        MICHAEL A. POHL, INDIVIDUALLY AND D/B/A
        THE LAW OFFICE OF MICHAEL A. POHL

BY:   **COPELAND, COOK, TAYLOR & BUSH, P.A.**

BY:   /s/<u>WILLIAM E. WHITFIELD, III</u>
       Mississippi Bar No. 7161
       /s/<u>JAMES E. WELCH, JR.</u>
       Mississippi Bar No. 7090
       Attorneys for Defendant
       P.O. Box 10
       Gulfport, MS 39502
       Phone: 228-863-6101
       Fax:: 228-863-9526
       E-mail: bwhitfield@wewiii.net
              jwelch@cctb.com

BY:   /s/<u>BILLY SHEPHERD          </u>
       Billy Shepherd
       **SHEPHERD, PREWETT, MILLER, PLLC**
       Texas Bar No. 18219700
       Email: bshepherd@spmlegal.com
       770 South Post Oak Lane, Suite 420
       Houston, Texas 77056
       Telephone No. (713) 955-4440
       Telecopier No. (713) 766-6542
       *Admitted Pro Hac Vice*

**Of Counsel:**
**SHEPHERD, PREWETT, MILLER, PLLC**
Stephen R. Bailey
Texas Bar No. 01536660
Email sbailey@spmlegal.com
Allison Standish Miller
Texas Bar No. 2406440
Email: amiller@spmlegal.com
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
Telephone No. (713) 955-4440
Telecopier No. (713) 766-6542
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Tina L. Nicholson<br>nicholson@bakernicholson.com<br>**Attorney for Plaintiff, Precision Marketing Group, LLC** | Clyde H. Gunn, III<br>buddy@cgvclaw.com<br>Christopher C. Van Cleave<br>christopher@cgvclaw.com<br>W. Corban Gunn<br>corban@cgvclaw.com |
| Nathan S. Farmer<br>nsfpa.atty@gmail.com<br>**Attorney for Plaintiffs, Scott Walker, Kirk D. Ladner and Steven Seymour** | David N. Harris, Jr.<br>david@cgvclaw.com<br>**Attorneys for Intervenors** |
| Charles J. Mikhail, Esq.<br>charles@mlawoffices.net<br>**Attorney for Plaintiff, Steve Seymour** | Joe Sam Owen, Esq.<br>jso@owen-galloway.com<br>J. Michael Coleman<br>mcoleman@hatlawfirm.com<br>Jacob O. Malatesta<br>jmalatesta@hatlawfirm.com<br>Carl Hagwood, Esq.<br>chagwood@hatlawfirm.com<br>**Attorneys for Defendants,<br> Jimmy Williamson and<br> Jimmy Williamson, PC** |

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None

                                                   /s/<u>WILLIAM E. WHITFIELD, III</u>
                                                   /s/<u>JAMES E. WELCH, JR.</u>

William E. Whitfield, III
James. E. Welch, Jr.
**COPELAND, COOK, TAYLOR, & BUSH, P.A.**
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526
bwhitfield@wewiii.net
jwelch@cctb.com