## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

SCOTT WALKER, et al.                                                    **PLAINTIFFS**

V.                                                **CIVIL ACTION NO. 1:14cv381-KS-JCG**

JIMMY WILLIAMSON, et al.                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(b)(6) [173] and Motion to Dismiss Precision Marketing Group, LLC's Amended Complaint Pursuant to Rule 12(b)(6) [192] ("Motions to Dismiss [173][192]") filed by Defendant Michael A. Pohl, individually and d/b/a The Law Office of Michael A. Pohl; and the Motion to Dismiss [177] and Motion to Dismiss Amended Complaint Filed by Precision Marketing Group, LLC [198] ("Motions to Dismiss [177][198]") filed by Defendant Jimmy Williamson, individually and/or as Director and President of Jimmy Williamson, P.C.  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that these motions are not well taken and should be denied.

### I.  BACKGROUND

The current action was commenced on October 18, 2014, by Plaintiffs Scott Walker, individually and d/b/a Maxwell & Walker Consulting Group, LLC, and/or d/b/a Precision Marketing Group, LLC ("Walker"); Steve Seymour, individually and d/b/a Diamond Consulting and/or d/b/a Precision Marketing Group, LLC ("Seymour"); Kirk D. Ladner, individually and d/b/a The Ladner Group and/or d/b/a Precision Marketing Group, LLC ("Ladner"); and Precision Marketing Group, LLC, ("Precision") against Defendants Jimmy Williamson, individually and/or as Director and President of Jimmy Williamson, P.C. ("Williamson"), and Michael A. Pohl, individually and d/b/a

The Law Office of Michael A. Pohl ("Pohl").[1]  On March 2, 2016, Walker, Seymour, and Ladner filed their Second Amended Complaint [166] in this action.  Precision filed its Amended Complaint [179] on March 17, 2016.  In both complaints, Plaintiffs bring suit for breach of contract, conscious or negligent bad faith/breach of good faith and fair dealing, quantum meruit/unjust enrichment, and fraud/fraudulent inducement/ fraudulent misrepresentation.

Plaintiffs allege that Pohl and Williamson joined together in a joint venture or partnership in order to represent Mississippi clients in their claims against British Petroleum ("BP") in connection with the 2010 Deepwater Horizon oil spill.  Plaintiffs contend that Pohl, on behalf of the joint venture/partnership he had with Williamson, contracted with them to provide public relations and marketing for this venture.  In return for these services, Defendants allegedly agreed to pay Plaintiffs a percentage of the attorney fees for the claims obtained from their efforts, along with expenses and a flat fee.  Plaintiffs claim that Defendants owe them money for services performed under these contracts.

## II.  DISCUSSION

### A.    Standard of Review

Defendants have filed their motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Under a Rule 12(b)(6) analysis, although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, they are not required "to accept as true a legal conclusion couched as factual allegation."  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  "[W]hen a successful affirmative

---

[1]Additional defendants have since been added to this action.  However, as only Williamson and Pohl are parties to the subject motions, the Court will use the term "Defendants" to refer only to them.

defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."
*Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.      Pohl's Motions to Dismiss [173][192][2]**

Pohl makes two arguments in his Motions to Dismiss [173][192].  First, he argues that Plaintiffs are judicially estopped from bringing their claims because the positions they take in their Second Amended Complaint are inconsistent with their previously taken positions.  Second, he argues that Plaintiffs' claims fail because the alleged contract is illegal.  The Court addresses each of these arguments in turn.

**1.      Judicial Estoppel**

Pohl argues that, because Plaintiffs alleged they were to be paid on an hourly fee in their First Amended Complaint and then alleged they were to be paid a percentage of the attorney fees in their Second Amended Complaint, they are judicially estopped from pursuing their claims because these two positions are inconsistent with each other.  This argument appears to be based on a misreading of the Magistrate's Order [161] allowing Plaintiffs to amend their complaint.

The purpose of the judicial estoppel doctrine is to "prevent[] a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."  *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th 2003) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996)).  There are two requirements that must be

---

[2]Because Precision has filed a separate complaint from the other Plaintiffs, both Pohl and Williamson have filed separate motions to dismiss Precision's Amended Complaint [179]. Because they bring the same arguments in their motions against Precision as they do in their motions against Walker, Seymour, and Ladner, the Court will analyze the motions simultaneously.

satisfied for judicial estoppel to apply.  "First, it must be shown that 'the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position."  *Id.* (quoting *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000)) (alteration in original).  For a position to be accepted by the Court can be "either as a preliminary matter or as part of a final disposition."  *Id.* at 398 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)).

The Court does not find that the positions taken by Plaintiffs in their pleadings are clearly inconsistent.  In allowing the amendments, the Magistrate found that the additional factual allegations did not "dramatically alter the factual basis of the case" and that the claims against Defendants remained fundamentally unchanged.  (*See* Magistrate Order [161] at pp. 11-12.)  The Court agrees with this assessment.  Plaintiffs' position has always been that Defendants contracted with them to provide public relations and marketing services for which they were not paid.  The specific details of those contracts have yet to be fleshed out through discovery, but whatever those details are, they do not alter the legal position of the Plaintiffs that such a contract exists.

Even if the positions taken by Plaintiffs were clearly inconsistent, the Court has never accepted any previous position advanced by them as it pertains to the relevant factual allegations. The method or amount of payments owed to Plaintiffs has never factored into any of the Court's previous decisions, nor has the specific details of the alleged contracts been relevant to the disposition of any previous motions.  The Court therefore finds that Plaintiffs are not judicially estopped from pursuing their claims.

## 2.    Illegal Contract

Pohl argues that the alleged contracts are non-enforceable because the conduct required under them is illegal under MISS. CODE ANN. §§ 97-9-11 and 73-3-59.  Section 97-9-11 makes it

illegal for any person "(a) to promise, give, or offer . . . , (b) to receive or accept . . . , [or] (c) to solicit, request, or donate, any money . . . or any other thing of value . . . to any person to commence or to prosecute further, or for the purpose of assisting such person to commence or prosecute further any proceeding in any court."  Section 73-3-59 is aimed specifically at attorneys and makes similar actions illegal.

At no point in their complaints do Plaintiffs allege that they were contracted to give money or some other thing of value to Defendants' potential clients in order to induce them to commence or continue the prosecution of any judicial action.  Plaintiffs claim that they were contracted for public relations and marketing services.  Pohl argues that Plaintiffs' claims are "that they accepted, or agreed to accept, money to improperly solicit clients."  (Pohl's Memo. in Support [175] at p. 12.) Sections 97-9-11 and 73-3-59, though, do not make this illegal.  Rather, those sections make it illegal to accept or agree to accept money to commence or further prosecute a judicial action.  Pohl's argument that the purported contract is illegal under these sections is a misreading of the law, and the Court will consequently **deny** his Motions to Dismiss [173][192].

## C. Williamson's Motions to Dismiss [177][198]

In his Motions to Dismiss [177][198], Williamson argues that the alleged contracts are unenforceable because the fee-splitting arrangement violates the Mississippi Rules of Professional Conduct, specifically Rules 5.4(a), 7.2(i), 7.3(a), and 8.4(a).  Williamson contends that to enforce the contract would be against public policy, which holds that "no court will lend its aid to a party who grounds his action upon an immoral or illegal act."  *Price v. Purdue Pharma Co.*, 920 So.2d 479, 484 (Miss. 2006) (quoting *W. Union Tel. Co. v. McLaurin*, 66 So. 739, 740 (Miss. 1914)).[3]

---

[3]Williamson makes further arguments under Texas law.  The Court has repeated held, though, that Mississippi law applies in this case, and will not entertain these arguments.

The Court would note at the onset of its evaluation of this argument, that these rules explicitly regulate only lawyers and/or law firms.  Williamson essentially argues that if these contracts exist and if he is a party to them, then they are unenforceable because he would have been committing professional misconduct in entering into them.  Plaintiffs, however, would not be committing professional misconduct under the Rules as they are neither lawyers nor a law firm.  The only "immoral or illegal act," then, would have been committed by Defendants.  *See Price*, 920 So.2d at 484.  Just as public policy would not allow Plaintiffs' claims to be grounded in such an act, the Court is not convinced that it would allow Williamson's defense to be grounded in an "immoral or illegal act." *See id.*  The Court will therefore **deny** Williamson's Motions to Dismiss [177][198].

## V.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Pohl's Motions to Dismiss [173][192] are **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Williamson's Motions to Dismiss [177][198] are **denied**.

SO ORDERED AND ADJUDGED this the 9th day of May, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE