**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTT WALKER, et al.**                                                                 **PLAINTIFFS**

**V.**                                                         **CIVIL ACTION NO. 1:14cv381-KS-JCG**

**JIMMY WILLIAMSON, et al.**                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction [218] and Motion to Dismiss for Failure to State a Claim [220] filed by Defendants Robert E. Ammons and the Ammons Law Firm, LLP. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Dismiss for Lack of Personal Jurisdiction [218] should be granted and the Motion to Dismiss for Failure to State a Claim [220] should be denied as moot.

**I. BACKGROUND**

The current action was commenced on October 18, 2014, by Plaintiffs Scott Walker, individually and d/b/a Maxwell & Walker Consulting Group, LLC, and/or d/b/a Precision Marketing Group, LLC ("Walker"); Steve Seymour, individually and d/b/a Diamond Consulting and/or d/b/a Precision Marketing Group, LLC ("Seymour"); Kirk D. Ladner, individually and d/b/a The Ladner Group and/or d/b/a Precision Marketing Group, LLC ("Ladner"); and Precision Marketing Group, LLC, ("Precision") (collectively "Plaintiffs") against Defendants Jimmy Williamson, individually and/or as Director and President of Jimmy Williamson, P.C. (collectively "Williamson") and Michael A. Pohl, individually and d/b/a The Law Office of Michael A. Pohl ("Pohl"). Plaintiffs claim that Pohl and Williamson joined together in a joint venture or partnership in order to represent Mississippi clients in their claims against British Petroleum ("BP") in connection with the 2010 Deepwater

Horizon oil spill. The two then contracted with Plaintiffs to provide marketing and public relations services for this joint venture.

Plaintiffs brought suit for breach of contract, conscious or negligent bad faith/breach of good faith and fair dealing, quantum meruit/unjust enrichment, and fraud/fraudulent inducement/ fraudulent misrepresentation. On September 18, 2015, this Court found that Plaintiffs had pleaded sufficient factual allegations to establish that a joint venture existed between Pohl and Williamson and that it had authority to exercise personal jurisdiction over Williamson under both Mississippi law and federal due process because of the actions taken by Pohl on behalf of the joint venture.

Plaintiffs filed amended complaints[1] in March 2016, bringing similar claims against Defendants Robert E. Ammons and the Ammons Law Firm, LLP (collectively "Defendants"). In their amended complaints, Plaintiffs claim that Defendants had a similar joint venture with Pohl, which was formed with the purpose of soliciting and representing personal injury cases. Defendants have moved to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

## II.  DISCUSSION

### A.    Standard of Review

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 68 (5th Cir. 1994). For the purposes of a motion to dismiss for lack of personal jurisdiction, all conflicts between facts "must be resolved in the plaintiff's favor for purposes of

---

[1]Plaintiffs Walker, Ladner, and Seymour filed their Second Amended Complaint [166] on March 2, 2016, and Plaintiff Precision filed its Amended Complaint [179] on March 16, 2016.

determining whether a prima facie case for personal jurisdiction exists. *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "In a federal diversity action such as this, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry." *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984). First, the Court must determine whether the laws of the Mississippi authorizes the assertion of personal jurisdiction over Defendants. *Id.* If personal jurisdiction is authorized under Mississippi law, the Court then must ensure that assertion of personal jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Id.*

### B. Mississippi Long-Arm Statute

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-5-57. Plaintiffs contend that the Court can exercise personal jurisdiction over Defendants under the contract and tort prongs of this long-arm statute through their participation in a joint venture[2] with Pohl. In *Scott Co. of California v. Enco Construction Co.*, the Mississippi Supreme Court held "that every member of a joint venture is transacting business in this State when one of the joint venturers is transacting in this State the business for which the joint venture was created." 264 So.2d 409, 410 (Miss. 1972). Because Defendants have had no relevant contact with

---

[2]The Supreme Court of Mississippi has held that the only real difference between a partnership and a joint venture is that the latter "is limited to a single transaction or a series of similar transactions," while the former refers "to a general and continuing business." *Scott Co. of Cal. v. Enco Constr. Co*., 264 So.2d 409, 411 (Miss. 1972). As such, this Court chooses to use the term "joint venture" for purposes of this motion.

3

Mississippi, personal jurisdiction can only be asserted over them if Pohl's actions in Mississippi can be imputed to them through the alleged joint venture.

Under Mississippi law,[3] a joint venture "exists when two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they are to share in profits or losses and each to have a voice in its management." *Hults v. Tillman*, 480, So.2d 1134, 1142 (Miss. 1985). "The three main questions that are considered in [joint venture] determination are (1) the intent of the parties, (2) the control question, and (3) profit sharing." *Smith v. Redd*, 593 So.2d 989, 994 (Miss. 1991).

### 1. Intent

While actual intent is necessary to find that a joint venture existed, this intent can be implied by the parties' actions. *Hults v. Tillman*, 80 So.2d 1134, 1143 (Miss. 1985). Defendants argue that there is no evidence of their intent to form a joint venture with Pohl. In its previous Order [103] analyzing the joint venture between Williamson and Pohl, the Court found that certain alleged actions by Williamson, such as referring to Pohl as his partner and including a letter written by him in a folder distributed to potential clients on behalf of Pohl's law firm, signaled his intent to form a joint venture. (*See* Order [103] at pp. 12-13.) For Defendants, though, Plaintiffs have pleaded no facts that indicate that there was ever any intent on Defendants' part to form a joint venture with Pohl, other than a conclusory assertion that such an intent existed. (*See* Second Amended Complaint [166] at ¶ 154;

---

[3]Defendants argue that Texas law should be applied in deciding whether a joint venture existed between them and Pohl. This Court previously held that there was no true conflict between the laws of Mississippi and Texas in determining the existence of a joint venture, as the elements under both states' laws were fundamentally the same. Defendants contend that the profit-sharing element under Texas laws encompasses a different understanding of "profits" than the similar element under Mississippi law. Because the Court ultimately finds that Plaintiffs have failed to establish the necessary elements of a joint venture under Mississippi law, there is no need to address Defendants' choice-of-law arguments at this time.

Precision Amended Complaint [179] at ¶ 154.)  In response to the motion, Plaintiffs have introduced documents they claim support an intent to form a joint venture.  These documents, though, establish only that Defendants and Pohl collaborated together on one particular case in 2014 and that Pohl learned about a vehicle recall from an email Ammons sent him around the same time.  (*See* Emails [243-2][244-2]; Consent Agreements [243-3][244-3].)

The Consent Agreements show only that Pohl referred a Louisiana case to Defendants during the relevant time period.  Furthermore, the documents themselves specifically state that there existed no prior agreement between Defendants and Pohl regarding the representation of the client, which appears contrary to the idea that there was a pre-existing joint venture agreement between the two aimed at soliciting this type of client. (Consent Agreements [243-3][244-3].)  The emails regarding the vehicle recalls do little more than show that the two lawyers were in communication about related legal issues during this time period they do not establish any sort of intent to form a joint venture. (*See* Emails [243-2][244-2].)  Plaintiffs also submit emails, attached to Walker's Affidavit, that establish that Defendants collaborated with Pohl on a Maryland case on which the Plaintiffs also worked.  (Walker Affidavit [243-1][244-1].)  However, these emails do not clarify in what capacity Defendants worked with Pohl, and at one point in the email thread, it states specifically that Plaintiffs work for Pohl, not some joint venture which included Pohl and Defendants.  (*See id*. at p. 29.)  While Plaintiffs may have established that Defendants and Pohl have worked together in the past on specific cases, they have not established that Defendants and Pohl both intended to form a joint venture with the specific goal of identifying and soliciting personal injury clients, in Mississippi or elsewhere.

Therefore, as neither the factual allegations in the pleading nor the evidence presented by Plaintiffs in response establish Defendants' intent to create a joint venture with Pohl, the Court cannot find that Plaintiffs have satisfied this prong of the analysis.

### 2. Control

"Participation in control of the business is also indicative of whether a partnership exists." *Peoples Bank v. Bryan Bros. Cattle Co.*, 504 F.3d 549, 557 (5th Cir. 2007). However, because "partnership-like control varies by the circumstances of each particular partnership," joint venturers need not be "equal participants in running the operations." *Id.* While lack of control is not enough to disprove the existence of a joint venture, *Century 21 Deep South Props., Ltd. v. Keys*, 652 So.2d 707, 715 (Miss. 1995), a complete lack of control weakens the case for a joint venture. *Peoples Bank*, 504 F.3d at 557. In this case, there are no factual allegations in the complaints, other than conclusory statements, that Defendants had any control over Pohl's alleged dealings with Plaintiffs or any purported actions Pohl took "on behalf" of the alleged joint venture. Plaintiffs attempt to use the emails in which Defendants inform Pohl about the vehicle recall as evidence that they had control over the joint venture, but this argument is unpersuasive. Nothing in the emails indicate that Defendants are directing Pohl to take any action on their behalf or on behalf of any purported joint venture. (*See* Emails [243-2][244-2].) The Court therefore finds that Plaintiffs have not met their burden with respect to establishing the control element of the test for a joint venture under Mississippi law.

### 3. Profit Sharing

"Profit-sharing is perhaps the most important indicator of a partnership." *Peoples Bank*, 504 F.3d at 557. Plaintiffs have alleged that Defendants and Pohl, through their joint venture, agreed to share legal fees earned through the efforts of the joint venture between them. In *Braddock Law Firm, PLLC v. Becnel*, the Mississippi Court of Appeals held a similar fee splitting arrangement among attorneys to qualify as "sharing profits" for the purposes of determining whether a joint venture existed. 949 So.2d 38, 51 (Miss. Ct. App. 2006). In that case, though, there was evidence that legal

fees were, in fact, shared among defendants. *Id.* Plaintiffs have generally and conclusively alleged that there was an arrangement between Defendants and Pohl to split the legal fees generated by the clients Plaintiffs solicited for them, but Defendants deny such an agreement. (*See* Ammons Affidavit [218-1].)

Though factual conflicts are to be resolved in favor of Plaintiffs, the Court would note that the allegation of profit sharing in this case is weak. Though there is evidence that Defendants did collaborate with Pohl on specific cases and agreed to split the fees in those instances, such an agreement, taken by itself, does not establish the existence a larger agreement to split fees of potential clients gained through the purported joint venture. Furthermore, even if the Court were to find that Plaintiffs have sufficiently established shared profits between Defendants and Pohl, the satisfaction of this element of a joint venture is not enough to overcome the insufficiency of the intent and control elements of the test.

The alleged actions of Williamson in his purported joint venture with Pohl are distinguishable from those of Defendants. Plaintiffs allege specific factual allegations against Williamson in order to show that he was involved in obtaining their marketing and public relation services and in providing the materials for those services. The only allegations against Defendants that Plaintiffs make involve actions they took in the representation of clients Pohl referred to them *after* Plaintiffs' services had been rendered. There has been no allegation or evidence presented to show that Defendants actively sought referrals from Pohl or that they were in a joint venture with him to locate potential clients. The fact that Defendants may have known that Pohl utilized Plaintiffs' services in order to gain the clients that he then referred to Defendants is not enough to establish a joint venture.

Therefore, because the Court does not find that Plaintiffs have established the prima facie case for the existence of a joint venture between Defendants and Pohl and because the exertion of personal jurisdiction over Defendants depends on this joint venture, the Court finds that it has no basis under Mississippi law to exercise personal jurisdiction over Defendants and must **grant** the Motion to Dismiss for Lack of Personal Jurisdiction [218].  The claims against Defendants will be **dismissed without prejudice**.

As the Court has found that it does not have personal jurisdiction over Defendants and has dismissed the claims against them, the Motion to Dismiss for Failure to State a Claim [220] will be **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [218] is **granted**.  Defendants are **dismissed without prejudice** from this action for lack of personal jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Failure to State a Claim [220] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 12th day of May, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE