**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTT WALKER, et al.**                                                                           **PLAINTIFFS**

**V.**                                                                **CIVIL ACTION NO. 1:14cv381-KS-JCG**

**JIMMY WILLIAMSON, et al.**                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction [231] filed by Defendants Cyndi Rusnak and Cyndi Rusnak, PLLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I. BACKGROUND**

The current action was commenced on October 18, 2014, by Plaintiffs Scott Walker, individually and d/b/a Maxwell & Walker Consulting Group, LLC, and/or d/b/a Precision Marketing Group, LLC ("Walker"); Steve Seymour, individually and d/b/a Diamond Consulting and/or d/b/a Precision Marketing Group, LLC ("Seymour"); Kirk D. Ladner, individually and d/b/a The Ladner Group and/or d/b/a Precision Marketing Group, LLC ("Ladner"); and Precision Marketing Group, LLC, ("Precision") (collectively "Plaintiffs") against Defendants Jimmy Williamson, individually and/or as Director and President of Jimmy Williamson, P.C. (collectively "Williamson") and Michael A. Pohl, individually and d/b/a The Law Office of Michael A. Pohl ("Pohl"). Plaintiffs claim that Pohl and Williamson joined together in a joint venture or partnership in order to represent Mississippi clients in their claims against British Petroleum ("BP") in connection with the 2010 Deepwater Horizon oil spill. The two then contracted with Plaintiffs to provide marketing and public relations services for this joint venture.

Plaintiffs brought suit for breach of contract, conscious or negligent bad faith/breach of good faith and fair dealing, quantum meruit/unjust enrichment, and fraud/fraudulent inducement/fraudulent misrepresentation. On September 18, 2015, this Court found that Plaintiffs had pleaded sufficient factual allegations to establish that a joint venture existed between Pohl and Williamson and that it had authority to exercise personal jurisdiction over Williamson under both Mississippi law and federal due process because of the actions taken by Pohl on behalf the joint venture.

Plaintiffs filed amended complaints[1] in March 2016, for the first time alleging that Defendants Cyndi Rusnak and Cyndi Rusnak, PLLC (the "Rusnak Defendants") were part of the joint venture between Pohl and Williams as well.

## II. DISCUSSION

### A.  Standard of Review

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 68 (5th Cir. 1994). For the purposes of a motion to dismiss for lack of personal jurisdiction, all conflicts between facts "must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). The only evidence that has been produced relating to this motion are the affidavits of Rusnak, Williamson, and Walker, and emails between the parties during the relevant time period. In so much as the affidavit testimony conflicts, the Court

---

[1] Plaintiffs Walker, Ladner, and Seymour filed their Second Amended Complaint [166] on March 2, 2016, and Plaintiff Precision filed its Amended Complaint [179] on March 16, 2016.

2

resolves these conflicts in favor of the Plaintiffs.[2]  *See Johnston*, 523 F.3d at 609 (quoting *Bullion*, 895 F.2d at 217).

"In a federal diversity action such as this, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry." *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984). First, the Court must determine whether the laws of the Mississippi authorizes the assertion of personal jurisdiction over Defendants. *Id.* If personal jurisdiction is authorized under Mississippi law, the Court then must ensure that assertion of personal jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Id.*

### B.  Mississippi Long-Arm Statute

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-5-57. Plaintiffs contend that the Court can exercise personal jurisdiction over the Rusnak Defendants under the contract and tort prongs of this long-arm statute through their participation in a joint venture[3] with Pohl and Williamson. In *Scott Co. of California v. Enco*

---

[2]The Rusnak Defendants' argument that Walker's affidavit should be disregarded because he is a convicted felon is contrary to the correct standard of review.

[3]The Supreme Court of Mississippi has held that the only real difference between a partnership and a joint venture is that the latter "is limited to a single transaction or a series of similar transactions," while the former refers "to a general and continuing business." *Scott Co. of Cal. v. Enco Constr. Co.*, 264 So.2d 409, 411 (Miss. 1972). As such, this Court chooses to use the term "joint venture" for purposes of this motion.

*Construction Co.*, the Mississippi Supreme Court held "that every member of a joint venture is transacting business in this State when one of the joint venturers is transacting in this State the business for which the joint venture was created." 264 So.2d 409, 410 (Miss. 1972). Therefore, since, for purposes of this motion, there is neither a dispute that contracts[4] existed between Plaintiffs and Pohl for services to be performed at least in part in Mississippi nor a dispute that the alleged tortious conduct occurred in part in Mississippi, if Plaintiffs can establish that the Rusnak Defendants were participants in the joint venture with Pohl and Wiliamson, then they have established a prima facie case for personal jurisdiction under Mississippi law.

Under Mississippi law, a joint venture "exists when two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they are to share in profits or losses and each to have a voice in its management." *Hults v. Tillman*, 480, So.2d 1134, 1142 (Miss. 1985). "The three main questions that are considered in [joint venture] determination are (1) the intent of the parties, (2) the control question, and (3) profit sharing." *Smith v. Redd*, 593 So.2d 989, 994 (Miss. 1991).

    **1.**    **Intent**

While actual intent is necessary to find that a joint venture existed, this intent can be implied by the parties' actions. *Hults v. Tillman*, 80 So.2d 1134, 1143 (Miss. 1985). The Rusnak Defendants assert that there was never any intent to form a joint venture with Pohl and Williamson. In her affidavit, though, Rusnak admits that she was Williamson's partner, though she qualifies it as "junior partner." (*See* Rusnak Affidavit [231-1] at p. 2 ¶ 18.) Furthermore, the informational

---

[4] The Rusnak Defendants claim that the fact that the complaints now claim that the agreements made between Pohl and Plaintiffs were oral instead written contracts, the analysis must necessarily change. However, because they do not contest the fact that an oral agreement existed, this argument carries no weight.

4

folder distributed by Plaintiffs contained references to "The Law Office of Michael A. Pohl" and a letter from Williamson on the letterhead of Williamson & Rusnak, which Williamson represented was his law firm. (*See* Amended Complaint [166] at ¶ 74.) Emails from Rusnak show that she also represented herself to work for the law firm Williamson & Rusnak. (Emails [247-2].) Though both Williamson and Rusnak maintain that this "law firm" was a "trade name" they were using when, in fact, they were not partners, the Mississippi Rules of Professional Conduct proscribes using names such as this when lawyers are not partners, as they suggest partnership. *See* MISS. RULES OF PROF'L CONDUCT R. 7.7 cmt. The fact that her name was on the letterhead, then, suggests that she was Williamson's partner, and that the partnership of Williamson & Rusnak was doing business with Pohl.

Furthermore, Walker claims that Rusnak communicated with him on a regular basis about the marketing services he was providing, though Rusnak denies this in her affidavit. Conflicts of fact under a motion to dismiss for lack of personal jurisdiction are resolved in favor of the plaintiff, though, and the facts alleged by Plaintiffs show that an intention to form a joint venture could be said to have been implied by Rusnak's actions. *See Johnston*, 523 F.3d at 609 (citing *Bullion*, 895 F.2d at 217). The Court, then, finds the intent prong of a joint venture analysis has been satisfied.

### 2. Profit Sharing

Profit sharing is the most important factor in determining whether a joint venture exists. *Century 21 Deep South Props., Ltd. v. Keys*, 652 So.2d 707, 715 (Miss. 1995). Plaintiffs have alleged that the Rusnak Defendants, Williamson, and Pohl, through their joint venture, agreed to share legal fees earned through representation of BP oil spill claimants. Specifically, they claim that Williamson and the Rusnak Defendants "were to receive sixty percent of the attorney fees generated by the joint venture, to be split among them." (*See* Amended Complaint [166] at ¶ 22.) In *Braddock*

*Law Firm, PLLC v. Becnel*, the Mississippi Court of Appeals held a similar fee splitting arrangement among attorneys to qualify as "sharing profits" for the purposes of determining whether a joint venture existed. 949 So.2d 38, 51 (Miss. Ct. App. 2006). The state court in that case held that this type of profit-sharing arrangement alone could provide sufficient evidence to support a finding of a joint venture. *See id.* Though Rusnak generally denies that she shared profits with Pohl through the alleged joint venture, she does not specifically address any legal fees she shared with Williamson with regard to cases generated through Plaintiffs' marketing efforts. This general denial is not enough to defeat this prong of the analysis, and the Court will find that Plaintiffs have provided enough factual allegations for a prima facie showing of profit-sharing.

### 3. Control

"Partner-like control" may not be exerted by every party of a joint venture because circumstances will vary with the relationship between the parties. *Smith*, 593 So.2d at 994. Here, though, Plaintiffs do allege that Rusnak had some control over the joint venture. Walker states that it was Rusnak that directed the marketing activities of his company. (Walker Affidavit [247-1] at ¶ 5. The Emails [247-2] between Walker and Rusnak also show that she was involved in Plaintiffs' efforts to promote the joint venture in Mississippi. These communications are enough to establish that Rusnak exercised some control over the actions of the joint venture.

Because Plaintiffs have satisfied all three prongs of the analysis, the Court finds that they have established a prima facie case that Rusnak was a participant in the joint venture with Pohl and Williamson. As such, since all members of a joint venture are said to be parties of a transaction in Mississippi when that transaction is in furtherance of the joint venture, Plaintiffs have sufficiently met their burden to show a prima facie case for the Court's assertion of personal jurisdiction over Williamson under Mississippi law.

### C.      Fourteenth Amendment Due Process Clause

In order for a federal court to exercise personal jurisdiction over a nonresident in compliance with the Due Process Clause of the Fourteenth Amendment, it must find that 1) "the defendant purposefully established 'minimum contacts' with the forum state" and 2) "entertainment of the suit against the nonresident would not offend 'traditional notions of fair play and substantial justice.'" *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) (citing *Asahi Metal Indus. Co. v. Superior Court*, 280 U.S. 102, 105, 107 S. Ct. 1026, 1029, 94 L. Ed. 2d 92(1987)).  Plaintiffs' theory of personal jurisdiction is the Rusnak Defendants' participation in the alleged joint venture.

### 1.      Minimum Contacts

Multiple district courts have found that the contacts of one co-venturer can be imputed to another in the exercise of personal jurisdiction over a non-resident when that co-venturer is acting in furtherance of the joint venture.  *See Hanback v. GGNSC Southaven, LLC*, No. 3:13-CV-00288-MPM-SAA, 2014 WL 3530613, at *3 (N.D. Miss. 2014); *Nolan v. Boeing Co.*, 736 F.Supp. 120, 127 (E.D. La. 1990); *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv., Ltd.*, 116 F.R.D. 477, 479-80 (S.D.N.Y. 1987); *Aigner v. Bell Helicopters, Inc.*, 86 F.R.D. 532, 540-41 (N.D. Ill. 1980). As detailed above, Plaintiffs have sufficiently established that the Rusnak Defendants were participants in the joint venture with Pohl and Williamson.  *See supra* II.B.  The Rusnak Defendants have put forth no argument that the contacts of Pohl, their alleged co-venturer, are not sufficient to satisfy the "minimum contacts" necessary for personal jurisdiction under a due process analysis. Regardless, such an argument would surely fail, as Plaintiffs have shown that Pohl negotiated oral agreements with them in Mississippi, for services to be performed in large part in Mississippi, and that such these agreements form the basis for the action before the Court.  If these agreements were in furtherance of the joint venture, as Plaintiffs sufficiently plead and as the Rusnak Defendants do

7

not contest other than to protest their participation in such an enterprise, the contacts Pohl had with Mississippi pursuant to these contracts can be imputed to them.  As such, the Rusnak Defendants have had the minimum contacts with Mississippi necessary under the Due Process Clause of the Fourteenth Amendment for this Court to exercise personal jurisdiction over them.

### 2. Fair Play and Substantial Justice

"Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).  To show that an exercise of jurisdiction would be unfair under due process, "the defendant must make a 'compelling case' against it." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  The Rusnak Defendants do not make such a "compelling case."  They attempt to argue that they should not be hailed into a court outside their home state when they have had a "complete lack of contact with that state."  Even if the Court were to find such an argument compelling, Plaintiffs have introduced evidence that Rusnak *has* had contact with Mississippi.  (*See* Emails [247-2].)  Plaintiffs have also made out a prima facie case that the Rusnak Defendants were participants in a joint venture which actively solicited clients in Mississippi.  Without a further showing, the Rusnak Defendants have not met their burden in demonstrating that the Court's exercise of personal jurisdiction would offend fair play and substantial justice.

Because the Court finds that Pohl's contacts can be imputed to the Rusnak Defendants through the alleged joint venture and an exercise of personal jurisdiction therefore comports with both Mississippi law and the Due Process Clause, the Motion to Dismiss for Lack of Personal Jurisdiction [231] must be denied.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Rusnak Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [231] is **denied**.

SO ORDERED AND ADJUDGED this the 26th day of May, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE