IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOTT WALKER, et al.                                              PLAINTIFFS

v.                                                    CAUSE NO: 1:14-cv-381-KS-JCG

JIMMY WILLIAMSON, et al.                                          DEFENDANTS

### ORDER DENYING PRECISION'S MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is Precision's Motion for Protective Order (ECF No. 290).[1] Pohl has responded to the Motion, and Precision filed no reply.[2] Having reviewed the submissions by the parties, the record, and relevant law, the undersigned finds that Precision's Motion for Protective Order should be denied, but the discovery compelled to be produced by this Order shall not be disclosed or shared in any manner except as stated in this Order.

### BACKGROUND

Precision submits that it has developed marketing lists that should not be disclosed in discovery because they are proprietary and irrelevant. (ECF No. 290, at 1). Precision has withheld information relating to its marketing lists and business operations after May 12, 2015, the date the ownership of Precision passed to non-party Scott Farve. *Id.* at 2. Precision seeks a protective order "precluding discovery of its marketing lists, and precluding the Defendants from conducting discovery to find out to what use Precision has put its proprietary marketing lists since May 12,

---

[1] "Precision" or "PMG" is Precision Marketing Group, LLC.
[2] "Pohl" is Michael Pohl, individually and d/b/a The Law Office of Michael A. Pohl.

2015." *Id.* Precision asserts that Defendants are attempting to discern whether Precision "has sold or disclosed its proprietary marketing lists to Texas lawyers who may attempt to convince the Defendants' former clients to pursue separate barratry claims against the Defendants." (ECF No. 291, at 14). According to Precision, "[w]hether or not Precision has, in the normal course of its business in the last few months, sold or otherwise disclosed its proprietary marketing lists to Texas lawyers – or anyone else – is not relevant to the claims and defenses in this lawsuit." *Id.* at 15. Precision maintains that if the marketing lists become public, "that would constitute the complete loss of one of Precision's major business assets." *Id.* at 17.

In response, Pohl has detailed the reasons why the discovery sought is relevant:

> Among other things, Precision's post-acquisition business operations would be likely to include information and communications concerning the resolution or funding of any underlying BP claims made the basis of Precision's complaint that may have settled or funded post-acquisition. And, even if no such settlements or funding have occurred, Pohl is entitled to confirm those facts. Pohl is also entitled to see any information that Precision may have regarding the progress of those claims, even though they may not have finally concluded.
>
> Additionally, Pohl has alleged in his answer to Precision's claims that:
>
> - "Plaintiff's . . . violated the terms of their contracts with Pohl . . . **[by] providing Pohl's proprietary information and materials to unauthorized third persons and/or conspirators and converting Pohl's property, including original client contracts and client personal and claim information, to their own use** in breach of their

2

express contracts and duties of good faith and fair dealing." Doc. 269, p. 42 (emphasis added).

- "Plaintiffs perpetrated an unbroken chain of material breaches from the inception of their contracts with Pohl to the present, including, without limitation, **conspiring with Scott Farve and/or others to divert Pohl's funds and resources from their intended use pursuant to the Plaintiffs' agreements** with Pohl." Doc. 269, p. 43 (emphasis added).

- **"Plaintiffs' or certain of them joined in a conspiracy with Scott Farve, his business entities, and/or affiliates to convert property belonging to Pohl** and to divert funds and other resources paid for by Pohl, **and to divert potential clients as well as clients who had already retained Pohl to other legal/claims service providers, including legal/claims service providers** in direction [sic] competition with Pohl." Doc. 269, p. 44 (emphasis added).

- **"Scott Favre, further combined and conspired to conceal their continuing breaches and other wrongful conduct from Pohl.** Each breach by Plaintiffs materially undermined the performance of the contracts and made success an impossibility." Doc. 269, p. 44 (emphasis added).

Any information that Precision possesses regarding these matters is discoverable, regardless of whether it is "post-acquisition" information. For example, if Walker/Seymour/Ladner or Precision contracted with other attorneys to represent the claimants that were signed up by them while they were purportedly working for Pohl, that information as well as the progress of those claims and any income generated thereby is relevant and discoverable regardless of whether it was pre- or post-acquisition. Likewise, if Walker/Seymour/Ladner or Precision "corrected" or otherwise altered any of the records of the claimants "signed up" while they were working for Pohl, or updated or otherwise altered any

3

revenue or expense records in connection with those claims, that information is relevant and discoverable regardless of when it occurred.

(ECF No. 307, at 8-9).

Precision submitted no Reply to Pohl's detailed assertions of relevance.

## DISCUSSION

Discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Recently amended Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Precision has not met its burden of demonstrating that the information sought is outside the scope of discovery. Confidentiality does not equate to privilege. *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 684-85 (D. Kan. 2004). Precision's confidentiality concerns do not outweigh the interests of informed litigation. They can be assuaged with a confidentiality order. *See Verso Paper, LLC v. Hireright, Inc.,* No. 3:11-MC-628-CWR-LRA, 2012 WL 2376046, *6 (S.D. Miss. June 22, 2012);

> revenue or expense records in connection with those claims, that information is relevant and discoverable regardless of when it occurred.

(ECF No. 307, at 8-9).

Precision submitted no Reply to Pohl's detailed assertions of relevance.

## DISCUSSION

Discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Recently amended Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Precision has not met its burden of demonstrating that the information sought is outside the scope of discovery. Confidentiality does not equate to privilege. *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 684-85 (D. Kan. 2004). Precision's confidentiality concerns do not outweigh the interests of informed litigation. They can be assuaged with a confidentiality order. *See Verso Paper, LLC v. Hireright, Inc.,* No. 3:11-MC-628-CWR-LRA, 2012 WL 2376046, *6 (S.D. Miss. June 22, 2012);

*Alvarez v. Aldi (Texas) LLC,* No. 3:13-cv-4122-L, 2014 WL 3624929, 3 (N.D. Tex. July 22, 2014)("Defendant's concern that the discovery requested includes 'documents that are confidential, sensitive, and proprietary in nature' does not permit it to resist discovery, even if the sensitive nature of the documents may justify a confidentiality order."). Pohl does not oppose the entry of a confidentiality order.

The discovery requested must be produced on or before **October 20, 2016**. The discovery compelled to be produced by this Order shall be disclosed only to the following persons, provided that any individual to whom the discovery is disclosed is provided a copy of this Order prior to receipt of the discovery and agrees to comply with the provisions of this Order:

    (a)    parties and counsel of record for the parties, including their associates, legal assistants, paralegals, and other support staff;

    (b)    experts retained by Counsel for purposes of serving as consulting or testifying experts in this lawsuit;

    (c)    witnesses or potential witnesses for the purposes of eliciting, preparing or developing written or oral testimony;

    (d)    witnesses being examined in depositions, the court reporters recording their testimony, and any videographers recording the depositions; and

    (e)    the Court, the mediator, persons employed by the court or mediator, the jury, and the court reporters.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Precision's Motion for Protective Order (ECF No. 290) is **DENIED**, but the discovery compelled to be produced by this Order shall not be disclosed or shared in any manner except as stated in this Order.

**SO ORDERED**, this the 14th day of October, 2016.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE