# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SCOTT WALKER, et al.**                                                                 **PLAINTIFFS**

**v.**                                                        **CIVIL ACTION NO. 1:14-CV-381-KS-MTP**

**JIMMY WILLIAMSON, et al.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *In Limine* [486] filed by Defendants Jimmy Williamson, individually and/or as Director and President of Jimmy Williamson, P.C. ("Williamson") and Cyndi Rusnak and Cyndi Rusnak, PLLC (collectively "Rusnak") and the Motion *In Limine* [488] filed by Defendant Michael A. Pohl, individually and d/b/a The Law Office of Michael A. Pohl ("Pohl"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that both motions should be granted in part, denied in part, and deferred in part.

## I. BACKGROUND

The current action was commenced on October 18, 2014, by Plaintiffs Scott Walker, individually and d/b/a Maxwell & Walker Consulting Group, LLC, and/or d/b/a Precision Marketing Group, LLC ("Walker"); Kirk D. Ladner, individually and d/b/a The Ladner Group and/or d/b/a Precision Marketing Group, LLC ("Ladner"); Seymour; and Precision (collectively "Plaintiffs") against Defendants Williamson and Pohl. Plaintiffs claim that Pohl and Williamson joined together in a joint venture or partnership in order to represent Mississippi clients in their claims against British Petroleum ("BP") in connection with the 2010 Deepwater Horizon oil spill. The two then contracted with Plaintiffs to provide marketing and public relations services for this

joint venture. Plaintiffs also claim that Pohl contracted with them to provide marketing and public relations services in connection with claims for automobile rollover accidents.

Plaintiffs bring suit for breach of contract, conscious or negligent bad faith/breach of good faith and fair dealing, quantum meruit/unjust enrichment, and fraud/fraudulent inducement/ fraudulent misrepresentation. On May 12, 2015, Precision filed a Notice [75] stating that Walker, Seymour, and Ladner had assigned their chose of action and/or interests in this action to Precision.[1] Plaintiffs filed amended complaints[2] in March 2016, alleging that Defendant Rusnak was part of the joint venture between Pohl and Williamson as well.

## II. DISCUSSION

The Court begins its analysis of the pending motions *in limine* by clarifying its previous rulings regarding the legality of the contracts at issue. The Court has not, as parties appear to believe, ruled that the contracts are legal and enforceable. Rather, it has ruled that Defendants have not yet shown that they are illegal and unenforceable. In its Order [103] addressing Pohl's Motion to Dismiss [25], the Court ruled that Pohl had not shown that the contract was illegal on the face of the pleadings. (*See* Order [103] at pp. 23-24.) Similarly, in addressing subsequent Motions to Dismiss [173][192], the Court held that Defendants had not shown, on the facts alleged in the Amended Complaint [179], that the conduct required by the contracts was illegal. (*See* Order [252] at pp. 4-5.) Finally, in its Order [475] denying Rusnak's Motion for Summary Judgment [109], the Court found that Rusnak had failed to point to specific evidence showing that that contract was unenforceable. The Court has not, however, affirmatively ruled that the contracts are legal and enforceable. The Court remains skeptical of the legality of the contracts, and the

---

[1] Given this notice, the Court is confused as to why they remain active participants in this action.
[2] Plaintiffs Walker, Ladner, and Seymour filed their Second Amended Complaint [166] on March 2, 2016, and Plaintiff Precision filed its Amended Complaint [179] on March 16, 2016.

issue is a question of law[3] that must be decided at trial.[4]  With that in mind, the Court now turns to the motions *in limine*.  Parties are reminded that any issue herein denied may be re-urged at trial if appropriate.

### A. Williamson and Rusnak's Motion *in Limine* [486]

Williamson and Rusnak ask the Court to exclude "any comments, testimony, arguments or other evidence that refers to or relates in any way to barratry, prior lawsuits, the illegal or unethical nature of soliciting clients directly or splitting fees with non-lawyers, and/or the fact that any attorney in this matter was reported to any State Bar." (Motion *In Limine* [486] at p. 6.)  This evidence, they contend, is properly excluded under Federal Rule of Evidence 403 because its potential prejudicial effect substantially outweighs its probative value.

#### 1. Barratry

Williamson and Rusnak have asked the Court to exclude all references to barratry.  Insofar as they request the Court exclude any comments by Plaintiffs' attorneys or testimony by any witness as to what does or could constitute barratry, the motion will be **granted** to this extent, as the Court instructs the jury as to the law.  However, testimony that conduct constituted barratry may be admissible for another purpose, such as motive or knowledge, but could also unfairly prejudice Williamson and Rusnak.  *See* Fed. R. Evid. 403.  Finding that this issue is better decided in the context of trial, it will be **deferred** until such an appropriate time.  However, evidence as to the underlying conduct itself will not be excluded, and the motion will be **denied** as to this evidence.

---

[3] Because it is a question of law, it will be decided by the Court, not the jury.
[4] It is also remains an open question whether quantum meruit, an equitable cause of action, is available to Plaintiffs if the contracts are held to be illegal and unenforceable.

### 2. Prior lawsuits

Prior lawsuits in which Williamson or Rusnak were involved have little relevancy to Plaintiffs' case-in-chief. However, these lawsuits may still have limited relevancy as impeachment. Because the Court does not know the nature of these lawsuits and cannot say if any prejudicial effect may outweigh their probative value, the Court will **grant** the motion in that they will be excluded from Plaintiffs' case-in-chief but will **deny** the motion in that they will be allowed for the purposes of impeachment.

### 3. Illegality of contracts and fee-splitting

As stated above, the legality of the contracts and fee-splitting arrangement is a question of law for the Court to decide. Witnesses are not allowed to testify to legal conclusions. *See United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)). Similarly, it is not proper for an attorney to instruct the jury as to what the law is. That is the province of the Court. However, as with the barratry issues, although what the parties believed as to the legality of their actions may be relevant for purposes such as motive or knowledge, the Court finds that these issues' potential for unfair prejudice may substantially outweigh their probative value if presented before the jury. *See* Fed. R. Evid. 403. As such, the issue of their admissibility will be **deferred** to the appropriate time at trial. Notwithstanding its ruling as to this issue, the Court will allow such evidence to be presented to it outside the presence of the jury if it is relevant to the determination of the contracts' legality. Williamson and Rusnak's motion will therefore be **granted in part** and **deferred in part** as to this issue.

### 4. State Bar grievances

Although it is readily apparent to the Court that state bar grievances filed against Williamson in connection to the underlying events of this action might have relevance, either to

Plaintiffs' case-in-chief or for impeachment purposes, it is also easy to see that such evidence would cause a wealth of unfair prejudice against him. *See* Fed. R. Evid. 403. As such, any evidence dealing with state bar proceedings will be excluded, and Williamson and Rusnak's motion will be **granted** as to this issue.

B. **Pohl's Motion *In Limine* [488]**

1. **Comments as to Applicable Law**

No party will be allowed to instruct the jury as to what the applicable law is in this case. Furthermore, though the issue of whether Plaintiffs may question Defendants as to their beliefs concerning the legality of their actions has been deferred until trial, Plaintiffs will not be allowed to offer any testimony as to what the law is nor make any comment in an attempt to convince the jury that the underlying conduct in contracting with Plaintiffs was unlawful. That question is not before the jury to decide, and such evidence or comments would unfairly prejudice the jury and potentially confuse the issues before them. *See* Fed. R. Evid. 403. Therefore, this point of Pohl's motion will be **granted**.

2. **Comments About Rules of Professional Conduct**

Plaintiffs argue that if they are disallowed from arguing that, under the applicable rules of professional misconduct, Pohl could not agree to split fees with them, "a jury will wonder why the parties didn't sign a contract to split fees if that was the actual agreement." (Response [494] at p. 13.) As the Court held in its previous Order [475], the contracts at issue *were* contracts to split fees. (*See* Order [475] at pp. 8-9.) Furthermore, as the Court has already stated, no party will be allowed to comment as to what the applicable law is. The Court will instruct the jury on the law pertaining to the issues that they must decide. The Court does not think it appropriate for Plaintiffs or their witnesses to attempt to comment or to testify to what the rules of professional misconduct

of any jurisdiction state. Pohl's motion will be **granted** to this extent. However, as with the barratry and legality issues presented in Williamson and Rusnak's motion, whether Plaintiffs can use what Defendant's believed to be the rules of professional misconduct and how they applied to the current case in order to show motive or knowledge or in order to impeach, is an issue that will be **deferred** until trial.

### 3. References to Estimated Value of Underlying Claims

By agreement, Pohl's motion will be **granted** as to this issue and any valuation estimate or appraisal of underlying claims will be excluded.

### 4. Merits of Disputes between Pohl and Third Parties

Pohl asks that the alleged merits of any disputes between him and third-parties be excluded. Plaintiffs do not object to this except for those disputes involving Heather Wilson/Super Limo and Terry Robinson. Without more information as to these disputes, the Court's ruling as to their admissibility will be **deferred** until the appropriate time at trial.

### 5. Any Payment to D'Iberville City Attorney

Pohl asks that evidence of any payment to the D'Iberville City Attorney be excluded. Plaintiffs object, calling this payment a bribe that it relevant to their case. With this type of accusation before it, the Court finds that it needs more information to conclusively rule on this issue. It will therefore be **deferred** until the appropriate time at trial.

### 6. Statements that Plaintiffs' Employee Threatened by Third Parties

Plaintiffs argue that they should not be precluded from presenting evidence that their employees were threatened by third-parties, contending that it goes to the hardships they endured and that the measure of recovery for their quantum meruit claim is "what is deserved." Plaintiffs, however, neglect to consider the Court's previous Order [475], where it held that their recovery

6

under quantum meruit is their "reasonable expectation of compensation" and found that to be limited to the attorney's fees percentages of the contract. (Oder [475] at p. 9.) The fact that their employees may have been threatened by third-parties, then, is not relevant to this issue. Because the Court does not find such threats to be relevant, they will be excluded under F.R.E. 401 and 402, and Pohl's motion will be **granted** as to this issue.

### 7. Statements by Magdalena Santana

Pohl requests without explanation that the Court preclude any statements or testimony from Magdalena Santana. Without further argument by Pohl, the Court will **deny** this request.

### 8. Comments on Witnesses Not Called

Pohl asks the Court to prevent Plaintiffs from commenting on the fact that certain witnesses were not called or from speculating as to what their testimony may have been. The Court will **grant** this request to the extent it deals with the speculation of what testimony may have been. However, it will be **denied** in that Plaintiffs may point out the weaknesses of Pohl's defense, including his failure to call witnesses.

### 9. Criminal Activity and Other Wrongful Acts

Pohl asks the Court to preclude any evidence about Pohl or any of his witnesses' past criminal activity or wrongful acts. Plaintiffs object to such a blanket prohibition. Without knowing what criminal activity or wrongful acts may be presented, the Court will **deny** this request and assure all parties that past criminal activity and wrongful acts will be admitted and excluded as mandated by F.R.E. 608, 609, and 403.

### 10. References to "Barratry Fees"

Pohl requests the Court exclude any reference to "barratry fees" he purportedly paid to Plaintiffs. Plaintiffs do not object to the exclusion of the term "barratry fees," and this request will

be **granted** to this extent by agreement. Plaintiffs do object to the exclusion of any "evidence of the business transactions which are at the crux of this lawsuit, including money Pohl allegedly paid Walker." (Response [494] at p. 16.) The Court does not have enough information as to this issue to make a ruling, and it will **defer** such a ruling until the appropriate time at trial.

### 11. Exhibits Not Identified

Parties agree that no exhibit not previously identified will be offered into evidence, referenced, or shown to the jury or a witness for use in their cases-in-chief. Plaintiffs, however, object to such a limitation on exhibits used for the sole purpose of impeachment. The Court agrees that this limitation will not apply to impeachment exhibits, and will **grant in part** and **deny in part** the motion as to this issue.

### 12. Exhibits Not Reviewed

Because parties agree that no demonstrative exhibits shall be used unless they were submitted to the other side for review with an opportunity to object, the motion will be **granted** as to this issue.

### 13. Expert Opinions

Pohl asks for the preclusion of all opinions or conclusions requiring specialized knowledge, training, or experience. Plaintiffs object because Pohl is essentially asking for all expert opinions to be excluded and, because no party has designated any expert, such an order would put the burden on Plaintiffs to "anticipate and stop" a lay witness from "spontaneously" offering such opinions. Though Plaintiffs are right that it is the "responsibility of the parties to identify and challenge any improper expert opinions as they are offered," this is not a reason for the Court to not issue an order precluding such testimony. Though it remains the responsibility of the parties to police this

ruling, the Court will exclude any improper expert opinions offered, and Pohl's motion will be **granted** in this respect.

### 14. Requests for Materials

Parties agree to the exclusion of any requests or demands for materials or documents so long as they are enforced against all parties. Therefore, the motion will be **granted** as to this issue.

### 15. Comments about Manner and Time of Discovery Productions

Parties agree that no party will be allowed to comment on the manner and time of discovery productions, and the motion will be **granted** on this issue.

### 16. Objections to Discovery Requests

Parties agree that objections to discovery requests should be excluded, and the motion will be **granted** as to this request.

### 17. Rulings Made by the Court

Parties agree to the exclusion of Court rulings made outside the presence of the jury, and the motion will be **granted** as to this issue.

### 18. Comments about Invocations of Privilege and/or Exemptions

Parties agree that no party will be allowed to comment on any invocation of privilege or exemption, and the motion will be **granted** as to this request.

### 19. Comments on Communications between Pohl and his Attorneys

Parties agree that no party will be allowed to comment on communications between any party and their attorneys. The motion will be **granted** as to this issue.

### 20. Requests for Stipulations

Parties agree that no request for a stipulation or comment about such a request will be made in the presence of the jury. The motion will be **granted** in this respect.

### 21. Dispositive Motions

Pohl asks the Court to prevent Plaintiffs from making any dispositive motion as to his counterclaims. The Court will **deny** this request. Plaintiffs will have the same rights as Defendants to make any appropriate motions at the appropriate times.

### 22. Deposition Testimony with No Notice

Pohl asks that Plaintiffs be precluded from reading or playing into evidence any portion of any deposition testimony without notifying him as to the specific pages and lines and giving him an opportunity to object or provide a more complete portion of the deposition. Precision does not object so long this limitation applies to all parties. Seymour, however, objects because he believes such a ruling would limit his ability to use depositions as impeachment evidence. However, even if this evidence were excluded from being played or read into evidence, Plaintiffs would be allowed to use it as prior statements for impeachment purposes, which are typically not admitted into evidence. The Court reads Pohl's request as to this issue as only pertaining to deposition testimony offered into evidence for non-impeachment purposes. Accordingly, the Court will **grant** the request as the Court reads it.

### 23. Suits Against Third Parties

Pohl asks that the Court exclude any comment that he could have brought suit "against any allegedly culpable third parties." Plaintiffs object to this point of his motion because they are unclear who Pohl means by "allegedly culpable third parties." Because the Court is similarly confused by who Pohl means, the motion will be **denied** as to this request.

### 24. Out-of-court Statements

Pohl asks that the Court exclude any reference to any alleged out-of-court statements. The Court will **deny** this request insofar as it asks for the exclusion of unidentified evidence. The Court will, of course, apply the appropriate hearsay rules to any offered out-of-court statement.

### 25. Other Suits or Controversies

Pohl asks for the exclusion of comments that any of his witnesses may have been a party to or witness in any other suit or controversy. Plaintiffs agree with this so long as the other suit or controversy do not concern issues or parties at issue in this action. This request will be **granted** to the extent that Plaintiffs agree. However, if the other suit or controversy concerns issues or parties at issue in this action, ruling on its admissibility will be **deferred** until the appropriate time at trial.

### 26. Settlement Offers

Offers for settlement are excluded with limited exceptions[5] under F.R.E. 408. As such, Pohl's motion will be **granted** as to this issue.

### 27. Communications Made During Settlement Discussions

Communications made during settlement discussions are also disallowed under F.R.E. 408, and the motion will be **granted** to this issue as well.

### 28. References to Motions *In Limine*

Parties agree that no references to motions *in limine* will be made. The motion will be **granted** as to this point.

---

[5] These exception concern witness bias and are not applicable here.

### 29. References to Pohl's Net Worth

Pohl asks that all references to his net worth or assets be excluded unless and until the Court has determined they are admissible. Presumably, Pohl is asking that his net worth and assets be excluded unless and until the Court holds that punitive damages can be considered by the jury. As that is the only point at which such evidence would be relevant, the Court will **grant** Pohl's motion as to this issue.

### 30. References to Specific Clients of Pohl

Pohl asks that any reference or comment as to any specific client of his, other than those dealing with the underlying claims, be excluded. The Court does not see how such comments would be relevant, and will **grant** the motion as to this request.

### 31. Witnesses Not Timely Disclosed

Pohl asks that any witness not timely disclosed, or any anticipated testimony of such a person, be excluded. Insofar as this request is simply a request for the Court to enforce Federal Rule of Civil Procedure 37(c)(1), which states that a party who fails to disclose a witness is barred from using that witness "unless the failure was substantially justified or is harmless," the Court will **grant in part** and **deny in part** this request. It will be **granted** to the extent that any non-disclosed witness where the failure to disclose was not substantially justified or harmless will be excluded.

### 32. Specializations of Pohl's Attorneys

Pohl asks that any comment about his attorneys' specializations be excluded. The Court does not see how such comments would be relevant or appropriate and will **grant** the motion as to this issue.

### 33. Comments about Existence of Liability Insurance

Because any comments that a person has liability insurance is excluded under F.R.E. 411, the Court will **grant** Pohl's motion as to this issue.

### 34. Comments that this Motion *In Limine* [488] Has Been Filed

Parties agree that any comments pertaining to motions *in limine* would be improper, and the motion will be **granted** as to this issue.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Williamson and Rusnak's Motion *In Limine* [486] will be **granted in part**, **deferred in part**, and **denied in part** as described above.

IT IS FURTHER ORDERED AND ADJUDGED that Pohl's Motion *In Limine* [488] will be **granted in part**, **deferred in part**, and **denied in part** as described above.

SO ORDERED AND ADJUDGED on this the ___18th___ day of April, 2017.

                                            ___s/Keith Starrett_____
                                            KEITH STARRETT
                                            UNITED STATES DISTRICT JUDGE