**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**SCOTT WALKER, et al.**                                                           **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 1:14-CV-381-KS-MTP**

**JIMMY WILLIAMSON, et al.**                                                      **DEFENDANTS**

**ORDER**

This matter is before the Court on its own Order to Show Cause [500] concerning sanctions against Evanston Insurance Company ("Evanston"), the insurance carrier for Jimmy Williamson and Cyndy Rusnak.[1] The Court previously set out its authority to sanction Evanston and its reasons for doing so in its previous Order [500], and allowed Evanston an opportunity to respond before sanctions were levied against it. In its Response [502], Evanston did not give good cause for its absence at the settlement conference. All of the information Evanston details concerning its need of Williamson and Rusnak's approval before paying anything under the policy, was explained to the Court prior to the settlement conference, and the Court ordered it to send an agent with authority despite this information, which Evanston failed to do. Furthermore, Evanston's explanation as to the other pending litigations it was involved in concerning these same issues only further proves that their interest in the matter in this action was high and that they should have been at the conference.

Therefore, under the authority cited in its previous Order [500] and for those reasons explained therein, the Court finds that Evanston should be sanctioned. The Court finds that an appropriate sanction would be the attorneys' fees for all of the attorneys present at the settlement

---

[1] Evanston was incorrectly identified in the previous Order [500] as "Markell Services, Inc."

conference for the three additional hours wasted at the conference because of Evanston's failure to comply with the Court's order requiring them to send an agent with authority.

Evanston is therefore **ordered** to pay into the registry of the Court an amount equal to three hours of attorneys' fees for the attorneys present at the settlement conference. The attorneys attending the settlement conference are directed to file a statement with the Court within 15 days with their hourly billing rate. The Court will fix the amount to be paid by Evanston and, after it is paid into the registry, will direct the Clerk to remit the respective amounts to the attorneys.

SO ORDERED AND ADJUDGED, on this, the __2nd__ day of June, 2017.

    __s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE