**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTT WALKER, et al.**                                                                 **PLAINTIFFS**

**v.**                                                        **CIVIL ACTION NO. 1:14-CV-381-KS-JCG**

**JIMMY WILLIAMSON, et al.**                                                           **DEFENDANTS**

## ORDER

This matter is before the Court on the Motions for Attorney Fees [586][588] filed by Defendants. In its previous Order [585], the Court awarded Defendants all reasonable and necessary attorneys' fees associated with their Motion to Enforce Settlement Agreement [520] and their Motion for Order to Show Cause [535].[1]

The Fifth Circuit "appl[ies] a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty.*, 621 F.3d 373, 379 (5th Cir. 2010), on *reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). First, the Court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392. In doing so, the Court "should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* "Though the lodestar is presumed reasonable," the Court is allowed to increase or decrease the award amount based on the twelve factors listed in *Johnson v. Georgia Highway Express, Inc. Id.*

---

[1] Precision and Favre argue in response to the motions at bar that Defendants are not entitled to these fees. Because the Court has already definitively ruled that they are, these arguments are baseless and will not be considered. Any objection to the Court's prior order Precision and Favre wished to make to this Court should have been done in a motion for reconsideration.

### A. Pohl's Motion for Attorney Fees [586]

Pohl's attorneys list their billing rates as $450.00 for Billy Shepherd, $375.00 for Stephen Bailey, and $325.00 for William E. Whitfield/James E. Welch.[2] Because this Court has previously held that rates as high as $400.00 are reasonable for this type of complex litigation, the Court will use the given rates for Stephen Bailey and William E. Whitfield/James E. Welch, but will decrease Billy Shepherd's rate to $400.00. *See Lamar Co., LLC v. Harrison Cnty. Sch. Dist.*, No. 1:17-CV-206-LG-RHW, 2017 WL 642774, at *2 (S.D. Miss. Dec. 18, 2017).

Pohl's attorneys claim to have expended a grand total 210.3 hours on the Motion to Enforce Settlement [520] and Motion for Order to Show Cause [535], with 116.7 done by Billy Shepherd, 67.8 done by Stephen Bailey, and 25.8 done by William E. Whitfield/James E. Welch. This number is clearly excessive, especially in light of the relief requested by both of these motions. Much of the relief asked for these motions was aimed at the ongoing litigation in Texas, which the Court found to be inappropriate. (*See* Order [585] at p. 4.) In fact, no relief was granted other than attorneys' fees. Given these circumstances, the Court finds that the hours expended on these motions was vastly excessive when compared to any proper purpose brought by them. To cure this excessiveness, the Court will reduce the number of hours for each attorney by 50 percent. The total of reasonable hours expended, then, is 105.15, with 58.35 attributed to Billy Shepherd, 33.9 to Stephen Bailey, and 12.9 to William E. Whitfield/James E. Welch.

---

[2] The attorneys argue that these rates are presumed reasonable because the Court already found them to be reasonable. Attorneys are referring to the Court's sanctions against the insurance carrier in this case, which required the carrier to pay the rates of each of the lawyers involved in the pretrial/settlement conference because the carrier failed to send an agent with authority as ordered. However, in awarding these sanctions, the Court did not analyze the reasonableness of the attorneys' rates.

Therefore, the lodestar for Billy Shepherd's fees is $23,340.00, for Stephen Bailey is $12,712.50, and for William E. Whitfield/James E. Welch is $4,192.50. The total for all attorneys is $40,245.00.

Precision and Favre argue that the *Johnson* factors should further reduce this amount. However, because the lodestar has already been decreased dramatically by the Court's finding that the hours billed were excessive, the Court does not find that a further reduction is warranted.

The Motion for Attorney Fees [586] will therefore be **granted**, and Pohl is awarded **$40,245.00** in attorneys' fees.

B.     **Williamson and Rusnak's Motion for Attorney Fees [588]**

The lodestar is difficult to calculate for Williamson and Rusnak's attorneys because the attorneys did not specify which hours were billed at which rate nor did they total the number of hours expended together. Instead, the attorneys give their individual rates and give a grand total of $8,821.50 in fees expended. This is insufficient for the lodestar calculation. Therefore, the Court is forced to add up the hours billed as presented to it in the Exhibit 2 [588-2] and multiply those hours, if reasonable, by a reasonable rate. For this rate, the Court will use the smallest hourly rate billed by Williamson and Rusnak's attorneys, which is $165.00.[3]

Williamson and Rusnak's attorneys claim that they expended 49.8 hours connected to the Motion to Enforce Settlement [520] and Motion for Order to Show Cause [535]. From this total, the Court deducts 3.7 hours that do not appear to have a direct relationship with these motions, including hours spent on a show cause order dealing with sanctions against the insurance carrier and hours spent on motions that were not before this Court. As with Pohl's attorneys, the number of hours will be reduced by 50 percent. The number of reasonable hours that will be used in the

---

[3] Precision and Favre have not argued that this rate is unreasonable.

lodestar calculation therefore equals 23.05. Multiplying this by the hourly rate gives an amount of $3,803.25. As with Pohl, the Court does not find that a further reduction under the *Johnson* factors to be necessary.

The Motion for Attorney Fees [588] will be **granted**, and Williamson and Rusnak are awarded **$3,803.25** in attorneys' fees.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Attorney Fees [586] is **granted**. Pohl is awarded **$40, 245.00** in attorneys' fees.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Attorney Fees [588] is **granted**. Williamson and Rusnak are awarded **$3,803.25** in attorneys' fees.

SO ORDERED AND ADJUDGED, on this, the 29th day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE